

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00003-CV

## IN THE INTEREST OF A.C., K.C., D.K., AND M.K., CHILDREN

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2010-552,767, Honorable Jim Bob Darnell, Presiding

April 7, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

The trial court terminated F.C.'s parental rights to her four children, A.C., K.C., D.K., and M.K., and she appealed from that judgment. Appointed counsel for F.C. filed a motion to withdraw, together with an *Anders*[1] brief in support thereof. In the latter, counsel certified that she diligently searched the record and concluded that the appeal was without merit. Appellate counsel also filed a copy of a letter sent to F.C. informing her of her right to file a pro se response. F.C. was also provided a copy of the appellate record, according to counsel. By letter dated March 10, 2020, this Court notified F.C. of her right to file her own brief or response by March 30, 2020, if she wished to do so. To date, no response has been received.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

1

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal concerning the three grounds upon which the trial court relied to terminate the mother's parental rights. Those three grounds involved § 161.001(b)(1)(D), (E), and (O) of the Texas Family Code. Counsel's discussion encompassed the sufficiency of the evidence to support 1) all three statutory grounds upon which termination was based and 2) the finding that termination was in the children's best interest. Per our obligation specified in *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)), we too reviewed the appellate record in search of arguable issues for appeal. None were found.

Per *In re N.G.,* 577 S.W.3d 230 (Tex. 2019) (per curiam), we also conducted an independent review of the evidence underlying the trial court's findings that termination was warranted under § 161.001(b)(1)(D) and (E) of the Texas Family Code. *See In re L.G.*, No. 19-0488, 2020 Tex. LEXIS 185 (Tex. Mar. 13, 2020) (per curiam) (court of appeals erred "by not detailing its analysis [on (D) and (E)] as required by [*In re N.G.*]." That evidence illustrated 1) F.C. abused controlled substances (methamphetamine) during all of her past and present dealings with the Department,  2) all four children were removed due to being left alone and ranged in ages from eight years old to one year old, 3) little food was found in the house and what food there was the eight year old was preparing it for the other children, 4) F.C. continued to test positive for methamphetamine (when she did submit to a drug test) and failed to work her service plan as ordered by the court to regain possession of her children, 5) F.C. failed or refused to submit to court ordered drug testing,  6) F.C. lived from motel to motel and refused to give her current

2

address to her caseworker, and 7) the children were not enrolled in school for over a year and when they did attend school they were dirty and usually late. Combined, this evidence is both legally and factually sufficient to support a finding warranting termination under (D) and (E). *See In re V.A.*, No. 07-17-00413-CV, 2018 Tex. App. LEXIS 1521, at *10 (Tex. App.—Amarillo Feb. 27, 2018, no pet.) (mem. op.) (stating that a parent's continued use of drugs demonstrates an inability to provide for the child's emotional and physical needs and a stable environment); *In re S.H.*, No. 07-15-00177-CV, 2015 Tex. App. LEXIS 9731 at *8 (Tex. App.—Amarillo Sept. 16, 2015, no pet.) (mem. op.) (stating that "[f]rom the evidence presented, the trial court reasonably could have reached a firm conviction W.W. had pursued a course of conduct, through her chronic drug use, that endangered S.H.'s physical and emotional well-being" which warranted termination under § 161.001(b)(1)(E)); *accord In re A.W.*, No. 07-19-00104-CV, 2019 Tex. App. LEXIS 5203, at *2—3 (Tex. App.—Amarillo June 21, 2019, no pet.) (mem. op.).

We concur with counsel's representation that the appeal is meritless due to the absence of arguable error. Accordingly, the judgment is affirmed.[2]

Brian Quinn
Chief Justice

---

[2] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).